IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR T.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 20 C 7276 |
| v. | ) |
| | )   Magistrate Judge |
| KILOLO KIJAKAZI, Acting | )   Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Arthur T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On March 23, 2017, Plaintiff filed a claim for DIB, alleging disability since November 15, 2011. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 2, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and vocational expert ("VE") also testified.

On February 3, 2020, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of November 15, 2011 through his date last insured of December 31, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the

2

cervical spine; and degenerative joint disease of the right knee, status post arthroscopy. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that, through the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: could lift and carry up to 10 pounds occasionally and less than 10 pounds frequently; could stand or walk for approximately 2 hours in an 8-hour workday; could sit for approximately 6 hours in an 8-hour workday; could engage in occasional operation of right foot controls; should be allowed to sit for 5 minutes every hour; could not climb ladders, ropes or scaffolds; could occasionally climb ramps or stairs, balance, stoop, crouch, crawl, and kneel; is limited to jobs that one can perform while using a handheld device as required at all times when standing and walking; and should avoid all exposure to dangerous moving machinery and unprotected heights. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a lubrication servicer, tire changer/repairer, salesclerk, or diesel mechanic. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that – from the alleged onset date of November 15, 2011 through the date last insured of December 31, 2015 – Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he was not disabled under the Social Security Act.

3

# DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the Commissioner cannot sustain her burden of demonstrating a significant number of jobs; (2) the ALJ reversibly erred in determining the RFC; (3) the ALJ did not perform a legally sufficient symptoms assessment; and (4) the ALJ's decision is constitutionally defective.

For his third argument, Plaintiff contends, *inter alia*, that the ALJ improperly discounted his alleged symptoms based on his activities of daily living. (Pl.'s Br. at 13-14.) In his decision, the ALJ noted Plaintiff's testimony "that he has been unable to work since 2011 due to pain" and he has "back pain [that] could radiate down to his toes and has been constant since 2008." (R. 18-19.) The ALJ further noted Plaintiff's testimony that he could "stand or walk for 30 minutes or 1 hour on a good day; but on a bad day, it is 5-10 minutes before needing to rest." (*Id.* at 20.) The ALJ also noted Plaintiff's testimony that "he has used an assistive device constantly since 2010" and he has a problem with falling "because his legs give out." (*Id.*) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 21.) In analyzing Plaintiff's daily activities in relation to that finding, the ALJ stated as follows:

> [T]he claimant testified that he has hobbies and is active. Moreover, the record shows that the claimant reported that he was spending more time working on his car. Additionally, the claimant testified that he could not walk far but the record documents that the claimant was walking in the

7

> woods with his friend more often in 2012. These activities provide a picture of an individual who is less limited than what was alleged at the hearing.

(*Id.* at 23 (citations omitted).)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). Further, a level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Under this legal framework, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. The ALJ did not specifically explain how Plaintiff's daily

8

activities were inconsistent with his specific symptom allegations, and merely stating in a conclusory fashion that Plaintiff's activities "provide a picture" that contradicts Plaintiff's allegations is insufficient. The ALJ did not adequately explain how, for instance, Plaintiff working on his car (perhaps for short periods of time) or walking (perhaps for short distances) contradicts Plaintiff's allegations of pain and problems with falling. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."). Further, as for Plaintiff's hobbies, the ALJ noted Plaintiff's testimony that he "attempted to knit, do models, and fishes 1-2 times a year from the shore with help from his family." (R. 20.) Again, though the ALJ's quoted analysis contains a reference to Plaintiff's "hobbies," the ALJ did not explain how the activities of knitting and modeling are inconsistent with Plaintiff's allegations of disabling pain. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed.").

      Ultimately, the Court finds that the deficiencies in the ALJ's symptom analysis requires that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking

9

care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the RFC is properly determined and the burden of demonstrating a significant number of jobs is properly met. The Court does not reach Plaintiff's constitutional argument.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                 **ENTERED:**

**DATE:**    **October 12, 2022**

                                                   **HON. MARIA VALDEZ**
                                                   **United States Magistrate Judge**